IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASEY MICHAEL DISMUKE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:15-CR-74 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant was charged with five counts of distributing methamphetamine and a single count of possession of methamphetamine with the intent to distribute. The charges against him arose from a number of sales of methamphetamine to a confidential informant. Upon his arrest, he was found in possession of an additional 112 grams of methamphetamine and a search of his home revealed items consistent with drug distribution.

Defendant pleaded guilty to possession with intent to distribute and agreed to a sentence of 180 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In exchange for pleading guilty, the government agreed to dismiss the remaining counts and forego the filing of an enhancement under 21 U.S.C. § 851. Based upon Defendant's extensive criminal history involving the distribution of controlled substances, the filing of an enhancement under § 851 could have subjected Defendant to enhanced mandatory penalties. Defendant was sentenced

to 180 months' custody in the Bureau of Prisons. Having served approximately 72 months of that sentence, Defendant now seeks compassionate release. Defendant contends that he suffers from medical conditions that pose a much greater risk of severe complications or death if he were to contract COVID-19 while in custody.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2]  In two recent decisions, the Tenth

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, ___ F.3d ___, 2021 WL 1168980, at *5 (10th Cir. 2021)

Circuit has held USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[3] Instead, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[4] Because there is no policy statement "applicable" to § 3582(c)(1)(A) motions filed by prisoners, the Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant suffers from several health conditions that put him at a higher risk of severe complications or death from COVID-19. The Court will assume that Defendant's medical conditions, in conjunction with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for a sentencing modification. But even if Defendant satisfies this requirement, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[6] Defendant's Motion does not address the § 3553(a) factors and the Court's own consideration of those factors demonstrate that Defendant's requested relief is inappropriate. Defendant repeatedly sold methamphetamine to a confidential informant. Defendant was found

---

[3] *McGee*, 2021 WL 1168980, at *12; *United States v. Maumau*, ___ F.3d ___, 2021 WL, 1217855, at *12 (10th Cir. 2021)

[4] *McGee*, 2021 WL 1168980, at *12; *see also Maumau*, 2021 WL 1217855, at *12 (same).

[5] *See McGee*, 2021 WL 1168980, at *8 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also Maumau*, 2021 WL 1217855, at *9 (same).

[6] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 2021 WL 1168980, at *5.

to possess a significant amount of methamphetamine. Defendant also has a long history of drug distribution convictions over nearly twenty years that could have subjected him to a substantial mandatory sentence. These factors demonstrate that release is not appropriate. The sentence Defendant received reflects the seriousness of his conduct as well as his significant criminal history. That sentence is also necessary to provide deterrence to this Defendant and others, and to protect the public.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 40) is DENIED.

DATED this 15th day of April, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge